**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

(01) GERALD L. GINNINGS,
[DOB: 01/02/1980],

(02) TREVOR SCOTT SPARKS,
[DOB: 02/09/1989],

(03) MARKUS MICHAEL A. PATTERSON,
[DOB: 12/12/1982],

(4) GLORIA MAY JONES,
[DOB: 8/31/1989],

(5) VICENTE ARAUJO,
[DOB: 9/20/1996],

(6) LESLIE LADON WALKER,
[DOB: 7/2/1987],

(7) DAVID ROBERT RICHARDS II,
[DOB: 10/19/1987],

(8) CHRISTIAN DOUGLAS HANSEN,
[DOB: 04/14/1979],

(9) STEPHANIE THURMOND,
[DOB: 11/2/1990],

(10) LEEANNA MICHELLE SCHROEDER,
[DOB: 6/4/1993],

(11) ADAM JOSEPH MAINIERI,
[DOB: 3/1/1988],

Case No. <u>18-00293-01/12-CR-W-DGK</u>

**COUNT ONE:** ___All Defendants___ **EXCEPT**
___Sparks___
___(Conspiracy Distribute Methamphetamine)___
21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846
NLT: 10 Years Imprisonment
NMT: Life Imprisonment
NMT: $10,000,000 Fine
NLT: 5 Years Supervised Release
Class A Felony

**COUNT TWO:** ___All Defendants___
___(Conspiracy to Commit Money Laundering)___
18 U.S.C. §§1956(a)(1)(A)(i),(B)(i),(ii), & (h)
NMT: Twenty Years Imprisonment
NMT: $500,000 Fine
NMT: Three Years Supervised Release
Class C Felony

**COUNT THREE:** ___Defendant SPARKS only___
___(Continuing Criminal Enterprise)___
21 U.S.C. §§ 848(a)(b)(c) & (s)
NLT 20 Years Imprisonment
NMT Life Imprisonment
NMT $2,000,000 Fine
NLT 5 Years Supervised Release
Class A Felony

**COUNT FOUR:** ___All Defendants___ **EXCEPT**
___Kibodeaux___
___(Possess Firearms with Drug Trafficking)___
18 U.S.C. § 924(c)(1)(A)(i)
NLT: 5 Years and NMT Life Imprisonment
NMT: $250,000 Fine
NMT: 5 Years Supervised Release
Class A Felony

(12) PAUL J. KIBODEAUX,
[DOB: 4/22/1983],

        Defendants.

**COUNT FIVE:** *Defendants Ginnings,*
*Sparks, Patterson, Jones, Hansen, and*
*Mainieri only*
*(Felon Possess Firearm and Ammunition)*
18 U.S.C. §§ 922(g)(1) & 924(a)(2)
NMT: 10 Years Imprisonment
NMT: $250,000 Fine
NMT: 3 Years Supervised Release
Class C Felony

**ALLEGATION OF CRIMINAL**
**FORFEITURE:** *All Defendants*
21 U.S.C. § 853

$100 Mandatory Special Assessment for each
count of conviction

### *SUPERSEDING* INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE – *all Defendants EXCEPT Sparks*
**(Conspiracy to Distribute more than 500 Grams of Methamphetamine)**

Between on or about January 1, 2017, and December 12, 2018, the exact dates unknown to

the Grand Jury, within the Western District of Missouri and other places, GERALD L.

GINNINGS, MARKUS MICHAEL A. PATTERSON, GLORIA MAY JONES, VICENTE

ARAUJO, LESLIE LADON WALKER, DAVID ROBERT RICHARDS, II, CHRISTIAN

DOUGLAS HANSEN, STEPHANIE THURMOND, LEEANNA MICHELLE SCHROEDER,

ADAM JOSEPH MAINIERI, and PAUL J. KIBODEAUX, defendants herein, did knowingly and

intentionally combine, conspire, confederate, and agree with each other, and others, both known

and unknown to the Grand Jury, to distribute five-hundred (500) grams and more of

methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21,

United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

2

Between on or about January 1, 2017, and December 13, 2018, the exact dates unknown to the Grand Jury, within the Western District of Missouri and other places, GERALD L. GINNINGS, TREVOR SCOTT SPARKS, MARKUS MICHAEL A. PATTERSON, GLORIA MAY JONES, VICENTE ARAUJO, LESLIE LADON WALKER, DAVID ROBERT RICHARDS, II, CHRISTIAN DOUGLAS HANSEN, STEPHANIE THURMOND, LEEANNA MICHELLE SCHROEDER, ADAM JOSEPH MAINIERI, and PAUL J. KIBODEAUX, defendants herein, and others, both known and unknown to the Grand Jury, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to conduct financial transactions which in fact involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in **Count One** of this superseding indictment, with the intent to promote the carrying on of that specified unlawful activity, to wit: items of value, including cash, obtained from illegal controlled substance sales (*i.e.* "proceeds") were used in whole or part to purchase additional controlled substances for sale, thus promoting the charged conspiracy, and additionally, knowing the transactions were designed to conceal the nature, source, location, ownership, and control of the said proceeds and to avoid reporting requirements, in that cash, obtained from controlled substance sales (*i.e.,* "proceeds"), was then deposited, in whole or part, into various financial institution accounts or stored, used, transmitted, or transported in such a

3

manner as to conceal its true nature, source, location ownership, and control, and to avoid bank reporting requirements, all thus concealing the proceeds from the drug conspiracy.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i), (ii) and (h).

The object of the conspiracy was to use drug sale proceeds to promote the drug trafficking conspiracy charged in **Count One** and to conceal drug sale proceeds of that drug trafficking conspiracy.

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

1.     It was part of the conspiracy that its members would and did buy and sell illicit drugs.

2.     It was further a part of the conspiracy that its members would and did obtain proceeds, in different ways or forms, from said buying and selling of illicit drugs.

3.     It was further a part of the conspiracy that its members would and did treat the said proceeds in such a manner as to conceal the nature, source, location, ownership, and control of said proceeds and to avoid reporting requirements of said proceeds.

4.     It was further a part of the conspiracy that its members would and did promote the conspiracy by exchanging items of value they obtained in a variety of manners for drugs to use and sale.

5.     It was further a part of the conspiracy that its members would and did promote the conspiracy by obtaining additional illicit drugs for distribution with said proceeds.

6.     It was further part of the conspiracy that its members would and did obtain assets with cash drug proceeds and did not identify the cash as drug proceeds.

4

7. It was further a part of the conspiracy that its members would and did deposit or transmit cash drug proceeds in and with various financial institutions and money transmitting businesses and not identify them as drug proceeds.

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

1. During the conspiracy period, conspirators both charged and uncharged, paid cash for controlled substances, thereby obscuring the drug trafficking conspiracy.

2. During the conspiracy period, conspirators packaged, transported, stored and used said proceeds without revealing their true source and in a manner as to conceal that true source.

3. During the conspiracy period, conspirators operated with coded terms and maintained coded records of drug amounts sold and cash proceeds collected or owed for drugs, thereby obscuring the nature and source of the cash.

4. During the conspiracy period, conspirators used cash proceeds from drug sales to fund other activities such as real property purchases, personal property purchases, travel, and living expenses, thereby obscuring the nature, source, or ownership of the cash.

5. During the conspiracy period, cash from drug sale proceeds was deposited, transmitted, or stored in such a manner so as to not reveal its source, location, or ownership and to avoid reporting requirements.

6.      During the conspiracy, on multiple occasions, conspirators took cash obtained from drug sales and used those drug sale proceeds to purchase additional controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i), (ii) and (h).

## COUNT THREE
### *(Continuing Criminal Enterprise – Defendant SPARKS only)*

That on or about between January 1, 2017, and December 12, 2018, the exact dates unknown to the Grand Jury, in the Western District of Missouri and other places, TREVOR SCOTT SPARKS, defendant herein, did knowingly and intentionally engage in a continuing criminal enterprise by knowingly and intentionally violating Title 21, United States Code, Sections 841 *et seq.*, which violations include, but are not limited to, the violations contained in, referenced in and supporting Count One of this superseding indictment, which violations are all re-alleged and incorporated herein as if set out word for word, and said violations were part of a continuing series of violations of Title 21, United States Code, Sections 801, *et seq.*, undertaken by the defendant, TREVOR SCOTT SPARKS, in concert with five or more other persons, which could include but not be limited to indicted and unindicted co-conspirators and others, including the defendants listed in this indictment, with respect to whom Defendant TREVOR SCOTT SPARKS occupied a position of organizer, supervisor, or manager and from this ongoing criminal enterprise the defendant, TREVOR SCOTT SPARKS, obtained substantial income or resources.

Furthermore, the defendant, TREVOR SCOTT SPARKS, was the principal administrator, organizer or leader of the continuing criminal enterprise and which involved possession with intent to distribute and distribution of a mixture or substance containing methamphetamine in an amount

of at least 10,000 grams and which received $5,000,000.00 in gross receipts during any 12-month period of its existence.

All in violation of Title 21, United States Code, Sections 848 (a)(b)(c) and (s).

## COUNT FOUR
### *All Defendants EXCEPT Defendant KIBODEAUX*
### *(Possession of Firearms and Drug Trafficking)*

On or about between January 1, 2017, and December 12, 2018, within the Western District of Missouri, and other places, but all related to crimes of violence and drug trafficking crimes within the Western District of Missouri, the defendants, GERALD L. GINNINGS, TREVOR SCOTT SPARKS, MARKUS MICHAEL A. PATTERSON, GLORIA MAY JONES, VICENTE ARAUJO, LESLIE LADON WALKER, DAVID ROBERT RICHARDS, II, CHRISTIAN DOUGLAS HANSEN, STEPHANIE THURMOND, LEEANNA MICHELLE SCHROEDER, and ADAM JOSEPH MAINIERI, in furtherance of and during and in relation to crimes of violence and drug trafficking crimes for which they may be prosecuted, as set out in this indictment and otherwise, did knowingly and intentionally carry, possess, use, brandish, and discharge firearms, to-wit: various un-recovered but described firearms, firearms recovered November 22, 2018, from the vehicle abandoned by Vicente Araujo (Beretta 92S 9 mm semi-automatic handgun, serial # U22039Z, Smith and Wesson 40 caliber semi-automatic handgun # DTL2346, Glock model 22 semiautomatic handgun # NBW256), VMAC MAC 11 .45 caliber handgun # P14280), WISE .223 AR pistol # 11969, and a M92PV AK47 pistol # M92PV065595), a Marlin, .22 caliber long rifle, Serial Number 22347947, a Cobra SF380, .380 caliber semi-automatic pistol, Serial Number FS0999788, with one magazine, and a tan in color ("peanut butter") Glock 19, 9mm semi-automatic pistol, Serial Number ABZX738, all contrary to the provisions of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii).

7

**COUNT FIVE**
*Defendants Ginnings, Sparks, Patterson, Jones, Hansen, and Mainieri, only*
*(Felon in Possession of a Firearm and Ammunition)*

On or about between January 1, 2017, and December 12, 2018, within the Western District of Missouri, GERALD L. GINNINGS, TREVOR SCOTT SPARKS, MARKUS MICHAEL A. PATTERSON, GLORIA MAY JONES, CHRISTIAN DOUGLAS HANSEN, and ADAM JOSEPH MAINIERI, defendants herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms and ammunition, to wit: various un-recovered but described firearms, a Marlin, .22 caliber long rifle Serial Number 22347947, a Cobra SF380, .380 caliber semi-automatic pistol, Serial Number FS0999788, with one magazine, and a tan in color ("peanut butter") Glock 19, 9mm semi-automatic pistol, Serial Number ABZX738, all which had been transported in interstate commerce, all contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## ALLEGATIONS OF FORFEITURE

The allegations contained in Count One of this superseding indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

Each defendant named herein shall forfeit to the United States all property, real and personal, constituting or derived from any proceeds the defendant obtained directly and indirectly as a result of the violation incorporated by reference in this Allegation of Forfeiture Count and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violation incorporated by reference in this allegation, including but not limited to the following:

8

## MONEY JUDGMENT

As to all defendants, they shall forfeit any and all interest each of them obtained in approximately $8,508,500.00 in United States currency, and any interest and proceeds traceable thereto, in that at least this sum, in aggregate, was received in exchange for the unlawful distribution of more than 1001 pounds (455 kilograms) of methamphetamine, or is traceable thereto, based on an average street price of $8,500.00 a pound of methamphetamine.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property of the above-named defendants, as a result of any act or omission of the defendants –

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

9

All in violation of Title 21, United States Code, Section 853, and pursuant to Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.


*/s/ Kathryn Varnon*
FOREPERSON OF THE GRAND JURY


Dated: 12/12/18
Kansas City, Missouri


*/s/ Bruce Rhoades*
Bruce Rhoades
Assistant United States Attorney
Narcotics & Violent Crimes Unit
Western District of Missouri

10